UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONDAY DeMARSH,

    Plaintiff,

v.                                        Case No. 8:11-cv-2647-T-23EAJ

POLK COUNTY SHERIFF'S DEP'T.,

    Defendants.
_____/

## **O R D E R**

    DeMarsh's complaint alleges that the Polk County Sheriff's Department violated his Fourth and Fourteenth Amendment rights by interfering with his mail. DeMarsh was granted leave to proceed *in forma pauperis* (Doc. 5). The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although entitled to a lenient construction, *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), the *pro se* complaint lacks merit.

    DeMarsh alleges that members of the sheriff's department opened his outgoing mail, which was copied and given to the prosecutor for possible use in DeMarsh's

criminal trial.  DeMarsh alleges that the opening of his mail violated both his Fourth and Fourteenth Amendment rights and those of the addressee.  DeMarsh alleges that both he and the addressee suffered mental anguish, and he asks for both criminal prosecution of the persons who opened his mail and a civil trial, but DeMarsh requests no monetary damages.

DeMarsh fails to state a claim that he can pursue in a civil rights action.  First, the Polk County Sheriff's Department, which is the only named defendant, is not an entity subject to suit in its own name.  As a consequence, the complaint fails to name a defendant who can be sued.  Second, DeMarsh can seek redress for the alleged violation of only his rights, not those of the addressee.  Third, DeMarsh has no Fourth Amendment protection against unreasonable search and seizure while confined.  "[W]e hold that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984).  Fourth, DeMarsh's requested relief (criminal prosecution) is unavailable and, although a civil trial is available, he fails to request monetary damages.  Additionally, DeMarsh cannot recover monetary damages for mental anguish without an accompanying physical injury.  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for

mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  DeMarsh alleges no physical injury.

Accordingly, the civil rights complaint is **DISMISSED** for failing to state a claim upon which relief may be granted.  The clerk shall enter a judgment against DeMarsh and close this case.

ORDERED in Tampa, Florida, on December 27, 2011.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE